Lauren E. Briggerman (Admitted Pro Hac Vice)
Joshua Drew (Admitted Pro Hac Vice)
Bradley E. Markano (Admitted Pro Hac Vice)
Miller & Chevalier Chartered
900 16th Street NW
Washington, DC 20006
Telephone: 202.626.5800
Facsimile: 202.626.5801
lbriggerman@milchev.com
jdrew@milchev.com
bmarkano@milchev.com

*Attorneys for Defendants National Breathe Free Sinus & Allergy Centers LLC, Capitol Breathe Free Sinus and Allergy Centers LLC, Arizona Breathe Free Sinus & Allergy Centers LLC, Breathe Free of FL LLC, Breathe Free Sinus & Allergy Centers of Florida LLC, SoCal Breathe Free Sinus & Allergy Centers MSO LLC, Dallas Breathe Free Sinus & Allergy Centers LLC, Trinity ENT and Facial Aesthetics, LLC, Nabiel Matthew Ghanem, and Taylor Borane*

Lisa Manning (Admitted Pro Hac Vice)
Christopher B. Mead (Admitted Pro Hac Vice)
Schertler Onorato Mead & Sears, LLP
555 13th Street N.W., Suite 500 West
Washington, DC 20004
Telephone: 202.628.4199
Facsimile: 202.628.4177
lmanning@schertlerlaw.com
cmead@schertlerlaw.com

*Attorney for Defendant Manish Khanna, MD*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States *ex rel.* Michelle Nemeh,<br><br>Plaintiff and Relator,<br><br>v.<br><br>National Breathe Free Sinus & Allergy Centers, LLC; et al.,<br><br>Defendants. | Civil Action No. 23-cv-02009-DGC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................... 1

I. THE FAC HAS NOT PLED FALSITY ................................................................ 1

II. THE FAC HAS NOT PLED MATERIALITY ...................................................... 3

III. THE FAC HAS NOT PLED CAUSATION ......................................................... 4

IV. THE FAC HAS NOT PLED SCIENTER ............................................................. 4

V. THE FAC DOES NOT PLEAD SUBMISSION OF FALSE CLAIMS
WITH PARTICULARITY ..................................................................................... 5

VI. RELATOR'S RELIANCE ON "LUMP PLEADING" IS NOT
PERMITTED UNDER RULE 9(B) ....................................................................... 7

VII. THE ALLEGED "ADDITIONAL FRAUDULENT PRACTICES" DO NOT
SUPPORT FCA CLAIMS ...................................................................................... 8

VIII. THE FAC HAS NOT PLED CONSPIRACY ....................................................... 8

IX. THE COURT LACKS PERSONAL JURISDICTION .......................................... 9

X. THE QUI TAM PROVISIONS OF THE FCA ARE
UNCONSTITUTIONAL ...................................................................................... 11

XI. RELATOR'S REQUEST TO AMEND AND EXPEDITED DISCOVERY
SHOULD BE DENIED ........................................................................................ 11

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
 368 F.3d 1174 (9th Cir. 2004) ................................................................................. 10

*United States ex rel. Armstrong-Young v. Carelink Hospice Servs., Inc.*,
 No. 15-cv-04095, 2018 WL 4773111 (N.D. Cal. Oct. 1, 2018) .............................. 5, 6

*Dan Abrams Co. v. Medtronic Inc.*,
 850 F. App'x 508 (9th Cir. 2021) .............................................................................. 3

*Eisenstein v. Whitman*,
 4 F. App'x 24 (2d Cir. 2001) ................................................................................... 10

*Intelligent SCM, LLC v. Qannu PTY LTD.*,
 No. CV 14-06417, 2015 WL 13916822 (C.D. Cal. Mar. 2, 2015) ............................. 7

*United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer
 Specialists, P.C.*, No. 20-cv-01373, 2022 WL 19914511
 (C.D. Cal. Sept. 28, 2022) ....................................................................................... 10

*Jenkins v. Cnty. of Riverside*,
 398 F.3d 1093 (9th Cir. 2005) ................................................................................... 8

*United States ex rel. Kelly v. Boeing Co.*,
 9 F.3d 743 (9th Cir. 1993) ........................................................................................ 11

*United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*,
 140 F. Supp. 2d 1062 (D. Haw. 2001) ..................................................................... 10

*State of Cal. ex rel. Mueller v. Walgreen Corp.*,
 175 F.R.D. 631 (N.D. Cal. 1997) ............................................................................... 7

*United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA,
 Inc.*, No. 96-cv-3673, 1998 WL 118176 (N.D. Cal. Mar. 9, 1998) ......................... 10

*Neubronner v. Milken*,
 6 F.3d 666 (9th Cir. 1993) .......................................................................................... 7

*United States ex rel. Puhl v. Terumo BCT*,
 No. CV 17-8446, 2019 WL 6954317 (C.D. Cal. Sept. 12, 2019) .............................. 4

*United States ex rel. Relator LLC v. Umansky*,
 No. 23-cv-05625, 2025 WL 873015 (C.D. Cal. Jan. 14, 2025), *appeal
 dismissed*, No. 25-5598 (9th Cir. Dec. 12, 2025) ..................................................... 4

*Repwest Ins. Co. v. Praetorian Ins. Co.*,
 890 F. Supp. 2d 1168 (D. Ariz. 2012) ...................................................................... 11

MILLER & CHEVALIER
CHARTERED

*Seila Law LLC v. Consumer Financial Protection Bureau*,
   591 U.S. 197 (2020) ........................................................................................................ 11

*Southard v. Kipper Tool Co.*,
   No. 15-CV-03621, 2023 WL 6959145 (N.D. Cal. Oct. 19, 2023) ............................... 10

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................................... 7

*United States ex rel. Swoben v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) ....................................................................................... 8

*United States ex rel. Tessler v. City of New York*,
   712 F. App'x 27 (2d Cir. 2017) ..................................................................................... 5

*United States v. Advoc. Health & Hosps. Corp.*,
   No. 20-CV-01243, 2023 WL 2799699 (C.D. Ill. Apr. 5, 2023) ..................................... 7

*United States v. Comstor Corp.*,
   308 F. Supp. 3d 56 (D.D.C. 2018) ................................................................................. 5

*United States v. DaVita Inc.*,
   No. 18-cv-01250, 2021 WL 1087769 (C.D. Cal. filed Feb. 1, 2021), *aff'd
   sub nom.*, *Holzner v. DaVita Inc.,* No. 21-55261, 2022 WL 726929 (9th
   Cir. Mar. 10, 2022) ......................................................................................................... 3

*Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*,
   953 F.3d 1108 (9th Cir. 2020) .................................................................................. 1, 2

*United States v. Hughes Aircraft Co.*,
   20 F.3d 974 (9th Cir. 1994) ........................................................................................... 9

*United States v. IASIS Healthcare LLC*,
   No. CV-15-00872, 2016 WL 6610675 (D. Ariz. Nov. 9, 2016) .................................... 9

*United States v. Kitsap Physicians Serv.*,
   314 F.3d 995 (9th Cir. 2002) ......................................................................................... 5

*Ebeid ex rel. United States v. Lungwitz*,
   616 F.3d 993 (9th Cir. 2010) ......................................................................................... 5

*United States v. Universal Fruits & Vegetables Corp.*,
   370 F.3d 829 (9th Cir. 2004) .................................................................................... 9, 10

*Wendt-West v. Dep't of Educ.*,
   No. 21-01336, 2021 WL 6551384 (C.D. Cal. Dec. 27, 2021), *aff'd*, No.
   22-55091, 2023 WL 561308 (9th Cir. Jan. 27, 2023), *cert. denied sub
   nom.*, *Wendt-West v. Haw. Dep't of Educ.*,144 S. Ct. 195 (2023) .............................. 10

*United States ex rel. Zafirov v. Florida Med. Assocs., LLC*,
   751 F. Supp. 3d 1293 (M.D. Fla. 2024) ....................................................................... 11

**Statutes**

31 U.S.C. § 3732 ........................................................................................................ 9, 10

**Other Authorities**

Fed. R. Civ. P. 9 .......................................................................................................... 5, 7, 8


**Statutes**

31 U.S.C. § 3732 ........................................................................................................ 9, 10

**Other Authorities**

Fed. R. Civ. P. 9 .......................................................................................................... 5, 7, 8

MILLER & CHEVALIER
CHARTERED

**INTRODUCTION**

Relator Michelle Nemeh's second attempt to articulate a False Claims Act ("FCA") case against Defendants falls short. The First Amended Complaint ("FAC") (ECF No. 32) fails to plead that Defendants caused the submission of claims to the government for reimbursement for procedures that were not medically necessary. Relator's Opposition ("Opp'n") (ECF No. 42) does nothing to overcome these deficiencies.

There is a fundamental gap here. "Ordering" or "scheduling" a medical procedure does not constitute a false claim or create FCA liability. Nor does editing or amending patient records. In each of the FAC's alleged patient "examples," a trained, licensed M.D. met with the patient and performed medical procedures. Relator does not allege otherwise. Perhaps that is why she does not, and cannot, name those doctors as defendants. She does not allege that those doctors "knew" the procedures were not medically necessary or knowingly disregarded their duties to their patients. She does not allege that the named "conspirators" were aware that those doctors were knowingly performing medically unnecessary elective procedures.

Medical necessity is about a doctor's professional judgment, particularly where there are no defining guidelines. In the absence of allegations that doctors "knowingly" performed medically unnecessary procedures, there are no false claims. And the inconsistent mix of alleged edits to patient records that Relator alleges cannot be material. Accordingly, the claims should be dismissed.

**I.  The FAC Has Not Pled Falsity**

Relator has failed to plead falsity because the FAC does not allege facts sufficient to infer either (1) that physician opinions of medical necessity were "'not honestly held'" or (2) that the certifications of medical necessity "'implie[d] the existence of facts . . . that do not exist.'" Motion to Dismiss Am. Compl. ("Motion") at 7 (ECF No. 38) (quoting *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108,

1119 (9th Cir. 2020). The Opposition underscores these deficiencies, focusing on modifications to patient charts without any explanation of how they show medically unnecessary care. *See* Opp'n at 6-10.

First, the FAC fails to allege *any* facts to infer that *any* physician failed to make an independent determination of medical necessity. Relator therefore has failed to plead that those physician determinations were not "honestly held" under *Winter*. Relator now argues that her allegations show that Defendants "predetermined to order the procedures" before the patients were seen by physicians. *Id.* at 6, 9-10. But the FAC contains no allegations about how patient care was evaluated by the treating physicians who had final responsibility for patient care and billing and therefore provides no basis to infer that physicians ignored patients' medical needs or otherwise failed to make appropriate medical determinations. Nor does Relator allege facts about patients' symptoms or medical histories that could plausibly support that they did not need the care that was provided. Indeed, Relator does not even allege that she or any other specific PA ever recommended care that they did not personally believe was medically necessary, or that PAs ever ignored patient medical needs based on instructions from any Defendant.

Relator's failure to plead facts about the decisions of treating physicians is particularly detrimental to her claims because Relator does not allege that any Defendant made the final determination as to what treatment was provided to patients. Relator's argument that PAs were the primary healthcare providers examining and interacting with patients (Opp'n at 9) is irrelevant; she does not claim that PAs had final authority over what treatment patients received or that they submitted or caused to be submitted claims to the government. Thus, even if some Defendants "predetermined" that patients should receive treatment that was not medically necessary, Relator has not adequately pled that such treatment ultimately was provided by doctors or billed to the government.

Likewise, Relator's allegations about purportedly falsified patient medical records

do not establish that patients received medically unnecessary treatment. Relator does not identify a single alleged change to a patient's medical chart that misstates a government requirement for balloon sinuplasties or conceals the absence of a relevant contraindication for treatment, as is required to plead a claim. *See, e.g.*, *Dan Abrams Co. v. Medtronic Inc.*, 850 F. App'x 508, 509 (9th Cir. 2021) (holding that Relator alleging medically unnecessary care must clearly allege what medical treatment standards were violated); *United States v. DaVita Inc.*, No. 18-cv-01250, 2021 WL 1087769 (C.D. Cal. filed Feb. 1, 2021), *aff'd sub nom.*, *Holzner v. DaVita Inc.*, No. 21-55261, 2022 WL 726929 (9th Cir. Mar. 10, 2022) (same). Relator's attempts to characterize a collection of innocuous or immaterial patient chart revisions as evidence of a scheme to defraud the government is insufficient as a matter of law. *See* Mot. at 19-20.[1]

## II. The FAC Has Not Pled Materiality

Relator's conclusory argument that "'a false certification of medical necessity can be material,'" Opp'n at 10 (citation omitted), does not establish materiality. As discussed above, Relator has not adequately pled that any false certifications of medical necessity took place. "'[T]he mere fact that [medical necessity] is a condition of payment, without more, does not establish materiality.'" *DaVita*, 2021 WL 1087769, at *6 (citation omitted). In contrast, the facts alleged by Relator – including alleged incentives to provide treatment and modifications to patient charts – do not bear on medical necessity, and, therefore, are not material to the government's decision to pay claims.

Relator speculates that Defendants' argument would allow physicians to ignore their obligation to determine medical necessity. Opp'n at 11. But as Relator seeks to claim that physicians ignored their obligations, she must plead facts *about the physicians*

---

[1] Relator's allegations about non-medical personnel signing medical records rather than physicians (Opp'n at 7-8) are similarly irrelevant as to whether treatment was medically necessary. Although Relator alleges conclusorily that signatures were "forged," she does not plead that the treating physicians were ignorant of what was in the medical file, or that they failed to review and sign off on the changes to patient charts.

involved and their medical decisions. Relator has not done so.

### III. The FAC Has Not Pled Causation

Relator has not pled causation because she "does not explain how Defendant[s] convinced [the treating physicians] to abandon their independent judgment and incorrectly bill" the government for treatment that was not necessary. *United States ex rel. Puhl v. Terumo BCT*, No. CV 17-8446, 2019 WL 6954317, at *4 (C.D. Cal. Sept. 12, 2019). Instead, there are "gaps in the causal chain" between what Relator alleges (incentives to book patients and modifications to patient charts) and the submission of false claims of medical necessity by physicians. *Id.*

### IV. The FAC Has Not Pled Scienter

The FAC does not allege any facts about the specific intent of Defendants. Instead, Relator suggests that intent can be inferred based on the structure and operation of the "NBF Defendants." Opp'n at 15. But Relator has failed to make any specific allegations about how the structure of NBF establishes that any entity Defendant acted with the requisite intent. Nor has Relator provided specific factual allegations about the individual Defendants that could support that they caused claims to be submitted to the government with the requisite intent to defraud.

*United States ex rel. Relator LLC v. Umansky* does not support Relator's position. No. 23-cv-05625, 2025 WL 873015 (C.D. Cal. Jan. 14, 2025), *appeal dismissed*, No. 25-5598 (9th Cir. Dec. 12, 2025). In *Umansky*, the relator claimed that the defendant corporation Holdco fraudulently certified that it was an operating business when it sought to obtain Paycheck Protection Program (PPP) loans, when in fact it was a passive holding company without employees or business operations. *Id.* at *3. The court held that intent was sufficiently pled because "the allegations about the basic structure and status of Holdco allow for a reasonable inference that Holdco knew it was not doing business." *Id.* at *4 Thus, the allegations supporting scienter went to the fundamental nature of the

- 4 -

business that was the subject of the allegedly false representations to the government.

The facts alleged here are not analogous. The FAC asserts that independent Defendant entities around the country knowingly caused numerous non-defendant physicians to ignore their medical duties and training, without pleading any facts that support knowledge of the scheme by any of those entity Defendants. Relator also alleges that the individual defendants knowingly caused the submission of false claims, again without any particularized allegations supporting that false claims were actually submitted. And Relator's reliance on generalized claims that NBF executives oversee the "NBF Defendants'" operations, Opp'n at 14, does not "'give[] rise to [the] strong inference of fraudulent intent'" required. *See United States v. Comstor Corp.*, 308 F. Supp. 3d 56, 88 (D.D.C. 2018) (quoting *United States ex rel. Tessler v. City of New York*, 712 F. App'x 27, 29 (2d Cir. 2017).

## V. The FAC Does Not Plead Submission of False Claims with Particularity

Under Rule 9(b), Relator cannot merely allege a scheme to defraud – she must also plead "'reliable indicia that lead to a strong inference that claims were actually submitted'" to the government for unnecessary patient care. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (citation omitted). Under the FCA, "[i]t is not enough . . . to describe a private scheme in detail but then to allege simply and without any stated reason for [this] belief that claims requesting illegal payments must have been submitted." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002).

Relator has not met this high standard. The primary basis for her claims is exactly the kind of allegations that the court found inadequate in *United States ex rel. Armstrong-Young v. Carelink Hospice Servs., Inc.,* No. 15-cv-04095, 2018 WL 4773111 (N.D. Cal. Oct. 1, 2018), namely that some (but not all) Defendants "deliberately pressured and encouraged" employees "'to maximize the number of patient admissions . . . without care, regards, or attention to [whether] patients were eligible for [government payment].'" *Id.* at

*4 (citation omitted). Indeed, the allegations the *Carelink* court rejected were stronger than those here, as the relator in that case alleged that the physicians who treated patients had been pressured to provide unnecessary care. Relator here only alleges incentives were provided to PAs who lacked authority to determine treatment. Although Relator attempts unsuccessfully to distinguish her claims from *Carelink* based on her allegations that Defendants modified patient medical records, Opp'n at 18-20, those allegations do not create a "strong inference" that any patient received medically unnecessary care.

The specific examples alleged in the FAC also do not support Relator's claim that the government was billed for medically unnecessary care because Relator does not plead with particularity that any patient received medically unnecessary treatment. For example, allegations that patient charts were modified to remove a reference to a patient's "recurring sinus infections" (FAC ¶ 83) or to remove a PA's statement that a patient should not have narcotics or valium (FAC ¶ 89) do not support an inference that those patients received unnecessary balloon sinuplasties.

In an apparent concession as to the weakness of the facts pleaded, Relator impermissibly relies on claims pled "on information and belief." But contrary to the Opposition (at 20), information about the medical necessity of patient treatment was not "peculiarly within the Defendants' knowledge" or otherwise "inaccessible," and so pleading on information and belief is improper. *See* Opp'n at 20. The information regarding medical necessity of treatment provided at Defendant Scottsdale Sinus and Allergy Center was reasonably available to Relator, who worked as a PA there and interacted with both patients and physicians. And although Relator did not have access to patient treatment information for other Defendants, that information was available to doctors, PAs, and other personnel at those entities. "That a piece of evidence or information is 'inaccessible'" to Relator "does not mean merely that it is not in the possession of the relator; it must be under the <u>exclusive</u> control of the defendant." *United*

*States v. Advoc. Health & Hosps. Corp.,* No. 20-CV-01243, 2023 WL 2799699, at *5 (C.D. Ill. Apr. 5, 2023) (emphasis added). Because information about medical treatment and billing was not within Defendants' exclusive control, pleading on information and belief is not permitted.

Even if pleading on information and belief were permitted, doing so would "'not nullify Rule 9(b)' or the requirement that the circumstances of fraud be pled with particularity." *Intelligent SCM, LLC v. Qannu PTY LTD.*, No. CV 14-06417, 2015 WL 13916822, at *34 (C.D. Cal. Mar. 2, 2015) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Thus, Relator would still be required to: "(1) specifically allege that the necessary information lies within the defendant's control; and (2) include a statement of the facts upon which plaintiff's information and belief is based." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 635 (N.D. Cal. 1997). Relator has not met this standard.

**VI. Relator's Reliance on "Lump Pleading" is Not Permitted Under Rule 9(b)**

Relator concedes that she must "at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (cleaned up). Relator must "'differentiate [her] allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud,'" even if she is not required to identify specific "*false statements* made by each and every defendant." *Id.* at 764-65 (citation omitted). Relator cannot meet this standard because her claims are based only on conclusory allegations that all Defendants "operate in the same fraudulent manner," FAC ¶ 5, and non-specific allegations that: (1) all PAs participate in the same training; (2) three PAs were rewarded with Rolex watches; and (3) some unidentified administrators and providers receive bonusesh if bookings are high. Opp'n at 17 (quoting FAC ¶ 52). None of these allegations involves an identified action or omission by any of the relevant Defendants.

*United States ex rel. Swoben v. United Healthcare Insurance Co.,* 848 F.3d 1161, 1184 (9th Cir. 2016), on which Relator relies, demonstrates the insufficiency of the FAC. There, the court dismissed claims against three defendants due to the relator's failure to plead particular details about their role in the alleged conspiracy. While acknowledging that "[t]here is no flaw in a pleading . . . where collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct," *Swoben*, 848 F.3d at 11184, the court held that the plaintiff's mere conclusory allegations about each party's role were inadequate because Rule 9(b) still requires detailed factual allegations about the scheme as applied to each party. *Id.* The same failure applies here with equal force and requires dismissal of the FAC.

**VII. The Alleged "Additional Fraudulent Practices" Do Not Support FCA Claims**

As discussed in the Motion (at 15-16), the "additional fraudulent practices" Relator alleges at FAC ¶¶ 67-78 do not support a claim. Relator does not address that argument, effectively conceding that dismissal is appropriate on claims based on those alleged practices. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims not raised in opposition to dispositive motion are considered abandoned).

**VIII. The FAC Has Not Pled Conspiracy**

The FAC does not allege the elements of conspiracy as to each individual Defendant. Instead, Relator asks the Court to infer that all Defendants conspired to submit false claims based on conclusory allegations that three of them – Defendants Khanna, Ghanem, and Borane – were the "hub" of a broader conspiracy. *See* Opp'n at 21-23. However, Relator's argument for a conspiracy claim (Opp'n at 22-23) is wholly based on allegations about Defendants Ghanem, Borane, and Khanna, with no specific allegations about the entity Defendants. "Relators not only fail to plead who at each Defendant agreed with whom to violate the FCA, or how, but what acts were done by each

Defendant in furtherance of such agreement(s)." *United States v. IASIS Healthcare LLC*, No. CV-15-00872, 2016 WL 6610675, at *14 (D. Ariz. Nov. 9, 2016) (dismissing FCA conspiracy claims, noting that the "particular Defendants' agreement and role in the alleged scheme are not identified.").

The intra-corporate conspiracy doctrine also bars claims against Defendant National Breathe Free and its own officers (Ghanem, Borane, and Taylor).[2] Relator does not identify any case from this Circuit (or any other) contradicting that the intra-corporate conspiracy doctrine applies to civil FCA claims and does not state any reason the doctrine should not be applied here. Multiple courts within this Circuit have rejected the argument that Relator makes here and have found that the doctrine is applicable to conspiracy claims under the FCA.[3] *See id.* at *16 (finding that intra-corporate conspiracy doctrine foreclosed claims of FCA conspiracy between parent company and its subsidiary entities, explaining that "courts have not construed the intra-corporate conspiracy doctrine as narrowly as Relators contend, and a number of courts have applied it in FCA cases" (citing cases)).

## IX. The Court Lacks Personal Jurisdiction

The Court lacks personal jurisdiction over certain Defendants identified in the Motion (at 24). In *United States v. Universal Fruits & Vegetables Corp.*, the Ninth Circuit explained that the nationwide venue provision of the FCA, 31 U.S.C. § 3732(a), "merely delineates proper *venue* for FCA actions, not *jurisdiction* over such claims." 370 F.3d 829,

---

[2] Relator's arguments (at 24-25) regarding the intra-corporate conspiracy doctrine are not on point. To the extent that Relator argues that NBF conspired *with its own agents*, that argument is precluded by the doctrine. As the Ninth Circuit has explained, "a conspiracy requires 'an agreement among two or more persons or distinct business entities.'" *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 979 (9th Cir. 1994) (citation omitted) (emphasis added).

[3] Relator's argument that the Eleventh Circuit has held that the intra-corporate conspiracy doctrine does not apply to criminal conspiracies, Opp'n at 23, is based on out-of-circuit precedent and is irrelevant; she does not attempt to plead criminal conspiracy.

- 9 -

836 n.13 (9th Cir. 2004).[4] Consistent with this provision, courts in this Circuit have repeatedly held that FCA relators must establish that each defendant has minimum contacts with the forum state sufficient to support personal jurisdiction. *See United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.,* No. 20-cv-01373, 2022 WL 19914511, at *8 (C.D. Cal. Sept. 28, 2022); *Wendt-West v. Dep't of Educ.*, No. 21-01336, 2021 WL 6551384, at *3 (C.D. Cal. Dec. 27, 2021) (same), *aff'd*, No. 22-55091, 2023 WL 561308 (9th Cir. Jan. 27, 2023), *cert. denied sub nom.*, *Wendt-West v. Haw. Dep't of Educ.*,144 S. Ct. 195 (2023); *United States ex rel. McCarthy v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 2d 1062, 1071 (D. Haw. 2001); *United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, No. 96-cv-3673, 1998 WL 118176, at *3 (N.D. Cal. Mar. 9, 1998). Courts outside of this Circuit have reached the same conclusion. *See e.g.*, *Eisenstein v. Whitman*, 4 F. App'x 24, 26 (2d Cir. 2001).

Relator asks the Court to deviate from these rulings and instead apply the "nationwide contacts" test for personal jurisdiction set from *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Opp'n at 25-26. However, the Ninth Circuit has never endorsed the extension of *Action Embroidery* to the FCA, and district courts within this Circuit "are split" on whether Section 3732(a) of the FCA "authorizes personal jurisdiction based on a defendant's nationwide contacts rather than contacts with the district where the action is pending." *Southard v. Kipper Tool Co.*, No. 15-CV-03621, 2023 WL 6959145, at *2 (N.D. Cal. Oct. 19, 2023). Here, the traditional minimum contacts test is most in keeping with the requirements of due process and fundamental fairness and is fully supported by extensive precedent from within and outside this Circuit. Accordingly, the Court should dismiss the claims against the

---

[4] Relator argues (at 27) that *Universal Fruits* was addressing subject matter jurisdiction rather than personal jurisdiction. However, that case is unambiguous in stating that "31 U.S.C. § 3732(a) pertains only to venue. *Universal Fruits*, 370 F.3d at 836 n.13. The same conclusion has also been repeatedly reached by numerous district courts considering personal jursidiction under the FCA, as discussed above.

Defendants identified in the Motion (at 24) for lack of jurisdiction.

## X. The Qui Tam Provisions of the FCA Are Unconstitutional

Relator relies on *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743 (9th Cir. 1993) for the position that the constitutionality of the qui tam provisions has been resolved in this Circuit. However, for the reasons discussed in the Motion (at 26-28), *Kelly* is inconsistent with more recent Supreme Court precedent, including *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 219 (2020), and should not be followed. Defendants respectfully request that the Court follow the studied decision in *United States ex rel. Zafirov v. Florida Medical Associates, LLC*, 751 F. Supp. 3d 1293, 1310-13 (M.D. Fla. 2024) and dismiss all claims.

## XI. Relator's Request to Amend and Expedited Discovery Should be Denied

Relator does not purport to have additional knowledge that could plausibly cure the numerous deficiencies in her Complaint. Nor does she identify facts that could justify her request to open expedited discovery in order to conduct a fishing expedition seeking evidence supporting personal jurisdiction. "'Courts should deny discovery requests where the plaintiff fails to show that further discovery would elucidate the facts necessary to prove that the court has personal jurisdiction.'" *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1189 (D. Ariz. 2012) (citation omitted). The Court should therefore deny Relator's request for jurisdictional discovery and dismiss all claims with prejudice.

## CONCLUSION

For the foregoing reasons, Relator's claims should be dismissed with prejudice.

MILLER & CHEVALIER
CHARTERED

| | | |
|---|---|---|
| Dated: January 9, 2026 | | MILLER & CHEVALIER CHARTERED |
| SCHERTLER ONORATO MEAD & SEARS, LLP | | By: */s/ Lauren E. Briggerman* <u></u><br>  Lauren E. Briggerman |
| By: */s/ Lisa Manning  (with permission)* <u></u><br>  Lisa Manning | | *Attorneys for Defendants National Breathe Free Sinus & Allergy Centers LLC, Capitol Breathe Free Sinus and Allergy Centers LLC, Arizona Breathe Free Sinus & Allergy Centers LLC, Breathe Free of FL LLC, Breathe Free Sinus & Allergy Centers of Florida LLC, SoCal Breathe Free Sinus & Allergy Centers MSO LLC, Dallas Breathe Free Sinus & Allergy Centers LLC, Trinity ENT and Facial Aesthetics, LLC, Nabiel Matthew Ghanem, and Taylor Borane* |
| *Attorneys for Defendant Manish Khanna, MD* | | |